UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL ARDEN JONES,<br><br>       Petitioner,<br><br>-against-<br><br>JOSEPH CAPUTO, et al.,<br><br>       Respondents. | 22-CV-2041 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner, who is currently detained on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his ongoing proceedings in the New York Supreme Court, Bronx County ("Bronx County Supreme Court"). For the purposes of this order, the Court grants Petitioner's request to proceed *in forma pauperis* ("IFP"). The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

  The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

On March 7, 2022, Petitioner filed this *habeas corpus* action under Section 2241 in the United States District Court for the Eastern District of California, challenging his detention on Rikers Island. *See Jones v. Caputo*, No. 22-CV-0426 (E.D. Cal. Mar. 11, 2022). That court transferred the petition here because this court has jurisdiction of Petitioner's claims based on Petitioner's detention at a facility located within the Southern District of New York. *Id.*

In the petition, Petitioner asserts that his prosecution in Bronx County Supreme Court is illegal under the United States Constitution. Specifically, he alleges "bad faith, harassment, and irreparable injury," claiming that the state prosecutors possess insufficient evidence and "ha[ve] a cut, copied and pasted true bill sign with no Grand Jury Foremans [sic] signature on forms." (ECF 1, at 3.) He further asserts that "[i]ndictment #270616-21 has a charge on it I was not even charged with, nor to the p[enal law exists." (*Id.*) Petitioner alleges that he has raised his challenges to his current detention during his state court proceedings in Bronx County Supreme Court, on December 22, 2021, and January 25, 2022.

Before filing this action, Petitioner filed three other actions challenging his current detention on Rikers Island. In *Jones v. Walker*, filed on February 2, 2022, Petitioner asserted claims of ineffective assistance of counsel, arguing that his criminal defense lawyer "waived grand jury to withhold evidence of camera of incident #C322277 and C322278 unconstitutionally without consent or defendant's signature." ECF 1:22-CV-0993, 2, at 2 (S.D.N.Y. Mar. 3, 2022). On March 3, 2022, this Court denied the petition under the doctrine set forth in the United States Supreme Court decision, *Younger v. Harris*, 401 U.S. 37 (1971), finding that Petitioner did not allege that his criminal proceedings were brought in bad faith, or

that he suffered any harassment or irreparable injury, warranting this Court's intervention in his ongoing state court criminal proceedings. The Court also found that even if Petitioner had alleged facts arguing in favor of this Court's intervention, he failed to allege that he had exhausted his claims in the state courts before filing his federal petition.

On February 28, 2022, Petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, asserting that his detention is unlawful. In the order denying that petition, the Court explained that Section 2254 is the proper vehicle to challenge a state court conviction, and as Petitioner had not yet been convicted, the petition was not the proper vehicle for Petitioner's challenge. *See Jones v. Caputo*, ECF 1:22-CV-1640, 4 (S.D.N.Y. Mar. 3, 2022). The Court noted in its order denying the petition that Petitioner had filed another Section 2254 petition, challenging the same detention, *Jones v. Carter*, ECF 1:21-CV-9571, 24 (S.D.N.Y. Jan. 10, 2022).

According to records maintained by the New York City Department of Correction, Petitioner was arrested on September 14, 2021. He was charged with attempted murder in the second degree (No. CR-013906-21BX) and is currently detained on those pending charges.[1]

## DISCUSSION

A.   *Younger* doctrine

For the same reasons set forth in the Court's March 3, 2022, order denying Petitioner's challenge to his current detention, *see* ECF 1:22-CV-0993, 4, the Court again declines to intervene in Petitioner's ongoing criminal proceedings because he does not allege any facts suggesting bad faith, harassment, or irreparable injury. Raising a ground titled "bad faith, harassment, and irreparable injury" is insufficient to show that the state prosecution has been

---

[1] *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf.

brought in bad faith, for the purpose of harassing Petitioner, or that Petitioner will suffer irreparable injury.

**B.      Exhaustion of state court remedies**

Even if Petitioner could meet *Younger*'s required showing of bad faith, harassment, or irreparable injury, he does not assert any facts suggesting that he has exhausted his state court remedies before initiating this Section 2241 proceeding. As already explained to Petitioner by this Court, he must first raise his grounds in the state courts before seeking *habeas corpus* relief. *See* ECF 22-CV-0993, 4 (finding that "even if Petitioner could show bad faith, harassment, or irreparable injury, he first must exhaust his state-court remedies before seeking federal *habeas corpus* relief").

**C.      Abuse of the writ doctrine**

This proceeding is Petitioner's fourth challenge to his ongoing criminal matter, arising from a September 14, 2021, arrest. The Court warns Petitioner that, under the abuse of the writ doctrine, this Court has the discretion to deny this petition because it is premised on "repetition of a previously asserted claim." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004) (per curium) ("Under the common law 'abuse of the writ' doctrine, a court need not entertain a petition that abuses the habeas process. One frequently recognized indicator of abusiveness is whether the petitioner could have asserted his present claims in his prior petition."); *see also Williams v. United States*, No. 02-CV-5324, 2002 WL 31496225, at *1 (S.D.N.Y. Nov. 8, 2002) (noting that while "the usual principles of *res judicata* are inapplicable" in *habeas* proceedings, the court may decline to reconsider on the merits a "successive petition raising precisely the same claim previously rejected unless the interests of justice so require"). Because Petitioner continues to challenge his Bronx County Supreme Court criminal proceedings, without stating facts warranting this Court's intervention or exhausting his claims in the state courts, the Court

concludes that this action is merely a "repetition of a previously asserted claim." *Esposito v. Ashcroft*, 392 F.3d at 550. As the Court need not continue consider such repetitive petitions, the Court warns Petitioner that future filings, challenging the same criminal proceedings without exhausting state court remedies, may result in an order barring him from filing future Section 2241 petitions IFP in this court, without prior permission to do so.[2]

**D.      Leave to amend denied**

District courts generally grant a *pro se* petitioner an opportunity to amend a pleading to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Petitioner does not state any facts suggesting that the *Younger* doctrine does not apply, and the Court therefore cannot intervene in his state court matter, or that he has exhausted his state court remedies before filing this Section 2241 action, the Court declines to grant Petitioner leave to amend his petition.

## CONCLUSION

This petition, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under the *Younger* doctrine. The Court warns Petitioner that future filings, challenging the same criminal proceedings without exhausting state court remedies, may result in an order barring him from filing future Section 2241 petitions IFP in this court, without permission to do so.

---

[2] Petitioner's history of frequent filing in this court resulted in his being barred, under 28 U.S.C. § 1651, from filing any new action IFP without first obtaining leave to file, *Jones v. Stewart*, ECF 16-CV-2375, 9 (S.D.N.Y. Aug. 25, 2016), and being barred, under 28 U.S.C. § 1915(g), from bringing any new civil action IFP while he is a prisoner, *Jones v. Police Officer Jane Doe*, ECF 1:21-CV-9199, 15 (S.D.N.Y. Nov. 16, 2021). Because a petitioner can bring a *habeas corpus* petition IFP, even if barred under section 1915(g), *see Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) (holding that *habeas* petitions are not considered civil actions for purposes of section 1915(g)), the 1915(g) bar order does not apply here.

Because Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 4, 2022
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge