UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

                Petitioner,

-against-

JOSEPH CAPUTO,

                Respondent.

22-CV-2041 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated April 4, 2022, the Court denied Petitioner's motion brought under 28 U.S.C. § 2241 under *Younger v. Harris*, 401 U.S. 37 (1971), and for failure to exhaust his state court remedies. The Court also warned Petitioner that should he continue to file Section 2241 petitions challenging his ongoing criminal proceedings, without exhausting his state court remedies, the Court may issue an order barring him from filing future Section 2241 petitions *in forma pauperis* ("IFP"), in this court, without prior permission to do so.

      On April 22, 2022, the Court received four submissions from Petitioner: (1) a letter requesting reconsideration of the April 4, 2022, order (ECF 8); (2) a letter seeking emergency release, brought pursuant to 28 U.S.C. §§ 2241, 2243, and 2244 (ECF 9); (3) a motion to compel discovery (ECF 10); and (4) a letter to amend his Section 2241 petition (ECF 11). In the letter seeking reconsideration, Petitioner attaches a letter to him from Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"), noting that Petitioner is currently housed at Mid-Hudson, under Article 730 of the New York Criminal Procedure Law ("730 examination"), to determine whether he is competent to stand trial. (ECF 8, at 2) ("It is noted that you are under a CPL 730 indicating that you need to be found competent to return to court.").

      For the reasons set forth below, the Court denies the relief Petitioner seeks.

## DISCUSSION

A.   **Motion for reconsideration**

The Court liberally construes Plaintiff's motion for reconsideration as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him.") (citations omitted).

   1.   **Rule 59(e) and Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal

quotation and citations omitted). Here, Petitioner does not state any facts or controlling law that the Court overlooked in its decision denying his Section 2241 petition. The Court therefore denies the motion, liberally construed as brought under Rule 59(e) and Local Civil Rule 6.3.

**2.     Rule 60(b)**

Where a petitioner challenges the denial of a *habeas corpus* petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the . . . habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).

Here, Petitioner does not attack the integrity of the *habeas* proceeding. Rather, he provides an update on his ongoing proceedings in state court by describing the briefing of a motion to dismiss the indictment. (*See, e..g.*, ECF 8, at 1) ("I filed a motion to dismiss Indictment, but District Attorney . . . responded with motion in opposition to dismissal. 'Next' I filed motion in objection to motion of opposition including evidence of why courts must grant my request."). Even if the Court were to construe these allegations as a showing that Petitioner attempted to exhaust his state court remedies before seeking *habeas corpus* relief, he does not assert any facts suggesting that the filing of this motion to dismiss the indictment raised any constitutional claim challenging his current custody or that he actually exhausted any such claim in the New York State Supreme Court, Appellate Division, or the New York State Court of Appeals. *See* N.Y.C.P.L.R. §§ 7001-7012 (New York State statute outlining procedure for filing a state writ of *habeas corpus*). Thus, the Court concludes that the decision to dismiss the Section 2241 should not be disturbed and denies the motion seeking reconsideration, construed as brought under Rule 60(b).

**B.     Motion seeking release**

Petitioner seeks release from Mid-Hudson, where he is scheduled to undergo a psychiatric evaluation under N.Y. C.P.L. § 730. Petitioner seeks this relief for the first time, as it appears he recently was transferred to Mid-Hudson. This relief, however, must be raised in the state courts by filing a state petition for a writ of *habeas corpus*. *See* N.Y.C.P.L.R. §§ 7001-7012. The Court therefore denies Petitioner's request for emergency relief.

**C.     Motion to compel discovery**

Plaintiff's motion to compel discovery is denied as moot because the Court denied his Section 2241 petition, and he no longer may seek discovery in a closed action. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

**D.     Request to amend**

The Court denies Petitioner leave to amend his petition for the same reasons the Court denied the original petition; that is, he fails to state any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate, warranting this Court's intervention under *Younger*. Moreover, as noted above, he does not allege facts that he exhausted any constitutional claims regarding his custody.

## CONCLUSION

The Court denies Petitioner's request for reconsideration, emergency release, discovery, and to amend his petition. (ECF 8-11.) The Court reiterates that Petitioner is warned that he may be barred from filing future Section 2241 petitions IFP, in this court, without permission to do so.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 27, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge